ing to enforce a right of action which accrued under the law of another State, because against the policy of our laws, it must appear that it is against good morals or natural justice, or that, for some other such reason, the enforcement of it would be prejudicial to the general interests of our own citizens.''

. This contract was not one which could be said to be against good morals or natural justice or one which in anywise affected the status of the defendant corporation in this State, where it was created, or its relation to any citizen of this State, and no question is here raised, or properly can be on this record, that the execution of the contract in the State of New York was for the purpose of evading the law of this State.

We are compelled to hold, therefore, that tested by the New York law, which must control, there was no actionable wrong and, therefore, no cause of action here, and that the jury should have been instructed to render a verdict for defendant as requested. As, therefore, a reversal must necessarily follow, we refrain from discussing other questions raised on the record that might otherwise be deemed important.

*Reversed.*

MR. JUSTICE GRIDLEY dissenting. I am of the opinion that the judgment against the defendant, The Associated Press, should be affirmed.

---

The News Publishing Company, Appellant, v. Associated Press of Illinois et al., (Defendants), Victor F. Lawson, Appellee.

Gen. No. 19,764.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed December 22, 1914.

The News Pub. Co. v. Associated Press, 190. Ill. App. 90.

## Statement of the Case.

. Action by the News Publishing Company a corporation, against the Associated Press of Illinois, Victor F. Lawson, its president, and two directors to recover an alleged unlawful exaction under a contract for news service. From a verdict and judgment in favor of defendant Lawson and against his codefendant, the Associated Press, the plaintiff appeals.

Plaintiff contended that defendant Lawson was the agent of the Associated Press in an illegal transaction, and equally guilty with it, and if the verdict was correct as to the Associated Press, it was inconsistent and wrong as to Lawson.

JOSEPH L. McNAB and TAPPAN GREGORY, for appellant; S. S. GREGORY, of counsel.

CALHOUN, LYFORD & SHEEAN, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. TORTS, § 32*—*where judgment may be entered against one or more.* Where the declaration is not predicated upon the theory of principal and agent, but avers joint liability, under such an averment in a tort case one or more of the defendants may be found guilty or not guilty.

2. NEWSPAPERS, § 6*—*evidence insufficient to show illegal exaction for news service.* In an action to recover damages for an alleged unlawful exaction in a contract for news service, evidence *held* insufficient to support a verdict for the plaintiff irrespective of the court's finding that no cause of action existed in reviewing the record on a writ of error sued out by a defendant.

GRIDLEY, J., concurring specially.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.